UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

RESHWAT HAQUE,

       Plaintiff,

  -v-                                                                     No. 11 Civ. 9360 (LTS)(HBP)

COMMERCE AND INDUSTRY
INSURANCE CO., et al.,

       Defendants.

-------------------------------------------------------x

### MEMORANDUM ORDER

       Plaintiff Reshwat Haque ("Plaintiff" or "Haque") brings this action against Commerce and Industry Insurance Company, the American International Companies and Malcolm Pirnie, Inc. (collectively "Defendants"), seeking a declaratory judgment regarding Defendants' obligation to make payments under an automobile insurance contract. The parties have filed cross-motions for summary judgment pursuant to Federal Rule of Civil Procedure Rule 56. This Court has jurisdiction of this action pursuant to 28 U.S.C. § 1332. The Court has reviewed thoroughly all of the parties' submissions. For the following reasons, Plaintiff's motion for summary judgment is denied and Defendants' motion for summary judgment is granted.

### BACKGROUND

       The following facts are undisputed. At all times relevant to the instant case, Plaintiff Reshwat Haque, a resident of the state of Arizona, worked as a mechanical engineer in the Phoenix, Arizona offices of Defendant Malcolm Pirnie, Inc. ("Pirnie"). (Reshwat Decl. ¶¶ 2-5.) Plaintiff's work brought him to New York City in January 2009, at which time he rented an

automobile from Enterprise Rent-A-Car through Pirnie's business account. (Reshwat Decl. ¶¶ 9-10.) On January 20, 2009, Plaintiff's automobile was rear-ended while he waited at a traffic light in Kings County, causing him "severe and permanent" physical injuries. (Reshwat Decl. ¶¶ 9, 11.) The offending vehicle carried an insurance policy with a limit of $25,000 per person, which amount has already been tendered to Plaintiff. (Plaintiff's Ex. J.) Plaintiff seeks a declaration that he is entitled to additional benefits under the terms of his employer's insurance policy (the "Pirnie Policy," Defendants' Ex. D), which was issued by Defendants Commerce and Industry Insurance Company and the American International Companies. (Plaintiff's Memo. at 3-4.)

## DISCUSSION

Summary judgment is to be granted in favor of a moving party if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . [T]he non-moving party must come forward with specific facts showing that there is a genuine issue for trial. Caldarole v. Calabrese, 298 F.3d 156, 160 (2d Cir. 2002). When deciding cross-motions for summary judgment, the standard to be used "is the same as that for individual motions for summary judgment and the court must consider each motion independent of the other." Schultz v. Stoner, 308 F. Supp. 2d 289, 298 (S.D.N.Y. 2004) (internal quotations omitted).

The facts of this case are essentially undisputed (Plaintiff's Memo. at 6, Defendant's Reply Memo. at 1), and, accordingly, its disposition turns on interpretation of the language of the insurance policy. Under New York state law, which governs this case, "the interpretation of an insurance policy generally presents a question of law." Allianz Ins. Co. v.

Lerner, 416 F.3d 109, 115-16 (2d Cir. 2005).  The Court must give plain and unambiguous provisions their ordinary meaning and construe the policy liberally in favor of the insured.  See id.

Plaintiff advances three theories as to why he is entitled to additional payments under the Pirnie Policy.

The Pirnie Policy's Liability Coverage

Plaintiff first contends that his claim is covered by the Pirnie Policy's liability provision, which offers coverage up to $1,000,000.  (Plaintiff's Memo. at 6-7.)  In support of this contention, Plaintiff points to Item Two of the insurance policy's Business Auto Declarations, titled "Schedule of Coverages and Covered Autos," which states that the Pirnie Policy's "Liability" coverage extends to autos within category "1."  (Plaintiff's Memo. 6-7; Defendants' Ex. D at CA DS 03 03 06[1].)  Because category 1 refers to "any auto," Plaintiff asserts that his claim must be covered thereunder.

Plaintiff's argument disregards plain language elsewhere in the insurance contract.  Page 2 of the Business Auto Coverage Form, at "Section II – Liability Coverage," sets forth the scope of the Pirnie Policy's Liability provisions.  (See Defendants' Ex. D at CA 00 01 03 06.)  The insurer is obligated to pay "all sums an 'insured' legally must pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies, caused by an 'accident' and resulting from the ownership, maintenance or use of a covered 'auto'."  (Id.)  The Pirnie Policy's Liability provisions benefit Plaintiff only to the extent that he may have been obligated to make damages payments to a third party in satisfaction of *his own* liability.  The record provides no indication that Plaintiff is or was liable to any third parties for damages

---

[1] Citations to the Pirnie Policy, Defendants' Exhibit D, refer to the pagination used within the contract itself.

arising out of the January 20, 2009 collision.  The Pirnie Policy's plain language thus forecloses Plaintiff from obtaining benefits under its Liability provisions.

Supplementary Arizona Underinsured Motorists Coverage Endorsement

Plaintiff next claims that he is entitled to benefits under the policy's Arizona Underinsured Motorists Coverage ("Arizona SUM") endorsement due to "several significant contacts" between Arizona and the parties.  (See Plaintiff's Memo. at 14; Defendants' Ex. D at CA 21 40 06 07.)  The Arizona SUM endorsement entitles an applicable insured to receive up to $1 million in compensation for damages caused by the driver of an underinsured vehicle.  (Defendants' Ex. D. CA 21 40 06 07.)  The first line of the Arizona SUM endorsement states, however, that it modifies the terms of the Business Auto Coverage Form only with respect to "a covered 'auto' licensed or principally garaged in . . . Arizona." (Defendants' Ex. D at CA 21 40 06 07.)  It is undisputed that the vehicle Plaintiff was driving at the time of the collision was registered in the state of New York.  (See Plaintiff's Ex. B.)  There is no evidence in the record that the vehicle was principally garaged in Arizona.  Accordingly, any contacts the parties may have had with Arizona are irrelevant in light of the endorsement's clear language, and Plaintiff is not entitled to benefits under the Pirnie Policy's Arizona SUM endorsement.

New York Insurance Law § 3420(d)

Insurers who wish to "disclaim liability or deny coverage for death or bodily injury arising out of an accident" in New York State must "give written notice as soon as is reasonably possible of such disclaimer of liability or denial of coverage to the insured and the injured person or any other claimant." N.Y. Ins. L. § 3420(d).  A failure to timely disclaim coverage will preclude an insurer from successfully disclaiming coverage later.  See, e.g., NGM

Ins. Co. v. Blakely Pumping, Inc., 593 F.3d 150, 153 (2d. Cir. 2010) (citing Hartford Ins. Co. v. County of Nassau, 46 N.Y.2d 1028, 1029 (1979)).

The distinction between claims not covered by reason of exclusion, for which Section 3420(d) requires a disclaimer, and claims not covered in the first instance, for which no disclaimer is required, has been characterized as "problematic." NGM Ins. Co., 593 F.3d 150 at 153. Nevertheless, there is a substantial body of case law elaborating upon this distinction. The New York Court of Appeals interprets Section 3420(d) to require the issuance of a disclaimer where a denial of coverage is "predicated upon an exclusion set forth in a policy which, without the exclusion, would provide coverage for the liability in question." Zappone v. Home Ins. Co., 55 N.Y. 2d 131, 134 (1982). For example, where an insurer denies coverage on the grounds that "a car which was originally covered under a fleet policy became 'uncovered' upon the happening of a subsequent event," the Court of Appeals concluded that the denial was premised on a policy exclusion. Planet Ins. Co. v. Bright Bay Classic Vehicles, Inc., 75 N.Y. 2d 394, 401 (1990). On the other hand, a disclaimer is not required where "the policy as written could not have covered the liability in question under any circumstances." Zappone, 55 N.Y. 2d at 134. As the Court of Appeals observed, extending Section 3420(d) to require disclaimers in response to claims for which there was never a policy in effect would "bring within the policy a liability incurred neither by the person insured nor in the vehicle insured," thus "impos[ing] liability upon the carrier for which no premium had ever been received by it" and "giv[ing] no significance whatsoever to the fact that automobile insurance is a contract with a named person as to a specified vehicle." Zappone, 55 N.Y. 2d at 135-36.

On January 24, 2012, Defendants sent a letter to Plaintiff's counsel stating their position that, under the terms of the Pirnie Policy, there was no coverage for Plaintiff's claim.

(Plaintiff's Ex. H.)  Plaintiff contends that Defendants' failure to issue any correspondence disclaiming or denying coverage before January 24, 2012, precludes Defendants from now denying coverage.  Defendants counter that, because the Pirnie Policy provided no coverage for Plaintiff's claim in the first instance, they were not required to issue a disclaimer.  As explained above, neither the Pirnie Policy's Liability provisions nor its Arizona SUM endorsement can be construed to cover Plaintiff's claim.  Thus, neither gave rise to a duty to disclaim.  Nevertheless, Plaintiff argues that such a duty also arises under other endorsements in the Pirnie Policy, namely the New York Uninsured Motorists endorsement and any Supplementary Uninsured/Underinsured Motorists endorsements the policy may contain.  For the following reasons, the Court agrees with Defendants that Plaintiff's claim was not covered by any of the additional endorsements he invokes and that Defendants therefore bore no duty to disclaim nor any concomitant coverage liability.

First, Plaintiff's claim plainly does not fall within the scope of the Pirnie Policy's New York Uninsured Motorists endorsement.  (See Defendants' Ex. D at CA 31 13 09 96.)  As Defendants indicated in the January 24, 2012, letter to Plaintiff's counsel, coverage under the New York Uninsured Motorists endorsement extended only to autos within category "6," which includes "[o]nly those 'autos' you own," subject to additional conditions not here relevant. (See Plaintiff's Ex. H.; see also Defendants' Ex. D at CA 00 01 03 06.)  Limiting Uninsured Motorists coverage to only those autos owned by the insured "merely describes the scope of the policy's coverage" and does not constitute an exclusion triggering a duty to disclaim.  Max Specialty Ins. Co. v. WSG Investors, LLC, No. 09-CV-05237, 2012 WL 3150577 at *3 (E.D.N.Y. Aug. 2, 2012); see also NGM Ins. Co. v. Blakely Pumping, Inc., 593 F.3d 150, 154 (2d Cir. 2010)

(holding that an insurance policy endorsement's definitions of "Hired Auto" and Non-Owned Auto" did not constitute exclusions triggering § 3420(d)'s disclaimer requirement).

Nor is Plaintiff entitled to Supplementary Uninsured/Underinsured Motorists ("New York SUM") benefits. Under New York law, insurers are required to provide their policy holders the option to purchase "supplementary uninsured/underinsured motorists insurance for bodily injury." N.Y. Ins. L. § 3420(f)(2)(A). Defendant Pirnie was offered the option of purchasing New York SUM coverage but elected not to do so, instead purchasing only the Uninsured Motorists coverage mandated by New York law. (Brown Aff. ¶ 11.) The Pirnie Policy contains no New York SUM endorsement.

Finally, Plaintiff also points to language elsewhere in the Pirnie Policy stipulating that a "leased auto" will be deemed "a covered 'auto' you own" for specified purposes. (See Plaintiff's Memo. 12-13, citing Defendants' Ex. D at CA 20 01 03 06 ("Lessor – Additional Insured and Loss Payee" endorsement) and Defendants' Ex. D. 20 54 10 01 ("Employee Hired Autos" endorsement)). However, the referenced modifications are limited to the policy's Liability Coverage and Hired Auto Physical Damage provisions, and do not apply to the policy's Uninsured Motorists coverage.

Attorney's Fees

Defendants have requested attorney's fees under 22 NYCRR § 130-1.1, which authorizes courts to award costs and impose sanctions for frivolous conduct in civil litigation. 22 NYCRR § 130-1.1. "This provision, however, is part of the Rules of the Chief Administrator of the New York State Courts governing judicial administration of the state courts, and is thus inapplicable to an attorney's conduct in federal court." Harris v. Coleman, 863 F. Supp. 2d 336,

345 (S.D.N.Y. 2012) (internal quotations omitted).  Defendants' request for attorney's fees is, accordingly, denied.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for summary judgment is denied. Defendants' motion for summary judgment is granted, and the Amended Complaint is dismissed.  The Clerk of Court is requested to enter judgment dismissing the Amended Complaint and to close this case.  This Memorandum Order resolves docket entry nos. 15 and 21.

SO ORDERED.

Dated: New York, New York
       August 13, 2013

>                    /S
> LAURA TAYLOR SWAIN
> United States District Judge